Chelsea Commons Community Assoc., Inc. v. ACM Assoc., Inc., No. S0401-04 CnC  (Norton, J., June 23, 2005)


[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]


STATE OF VERMONT                                    SUPERIOR COURT
Chittenden County, ss.:                          Docket No. S0401-04 CnC


CHELSEA COMMONS COMMUNITY
ASSOCIATION, INC.

v.

ACM ASSOCIATES, LTD.



ENTRY


Defendants Mervin Brown, Chelsea Investments, and G.I.D., Inc., seek to dismiss Chelsea Commons' amended complaint based on its failure to serve Mervin Brown or any other defendant properly under V.R.C.P. Rule 3.  Plaintiff Chelsea Commons admits that it has, up until now, not served the defendants, but it argues that no prejudice to any of the

defendants follows from this oversight.

This case began when Chelsea Commons filed its original complaint in March 2004. The complaint named Chelsea Investments and G.I.D., Inc. as defendants along with two other parties.[1] At that time, all parties were properly served in accordance with V.R.C.P. Rules 3 and 4. In early October 2004, Chelsea Commons moved to amend its complaint to include Mervin Brown as a defendant and to add two claims specific to Mr. Brown. The amendment did not add Mr. Brown to any of the original claims or modify those claims in any way. Functionally, the amended complaint served as an addendum to include two severable claims against Mr. Brown and Mr. Brown alone. At that time, Chelsea Commons mailed a copy of its motion and its memorandum of law in support to the attorney for Chelsea Investments and G.I.D., Inc. The court granted Chelsea Commons' motion on October 26, 2004. Thereafter, Chelsea Commons did not serve any of the parties in accordance with Rule 3 or 4 until Mr. Brown was served with a summons, a copy of the original complaint, and a copy of filings dealing with the amended complaint on February 7, 2005.[2]

Under V.R.C.P. Rule 3, Chelsea Commons had sixty days, following the court's grant to allow an amendment, in which to serve Mr. Brown, as a new party to this action, with a summons, a copy of the complaint, and a

---

[1] Each count of the complaint went to specific defendants. Claims three, four, and five named Chelsea Investments and G.I.D., Inc. Claims one and two were addressed to the remaining defendants ACM Associates, Ltd. and SCM Construction, Ltd.. These latter defendants have not joined the present motion.

[2] Plaintiff did not actually serve a copy of the amended complaint on Mervin Brown until April 13, 2005.

copy of the amended complaint. <u>The Children's Store v. Cody Enter.</u>, 154 Vt. 634, 642 (1990). Proper service under Rule 4 required Chelsea Commons to have had a sheriff, deputy, or similarly authorized person make this service on either Mr. Brown or another from Rule 4(d)'s list of acceptable substitutes. Instead of following this process, Chelsea Commons sent what is best described as partial notice to the attorney representing Chelsea Investments and G.I.D. Inc. While formally deficient, this partial notice, Chelsea Commons argues, was sufficient enough since Mr. Brown knew the attorney and was an officer of the two defendants.

Rules 3 and 4, however, are more than simply notice statutes. As part of the initiation of a suit, service of process is also a fundamental way that courts gain jurisdiction over defendants. 4A C.Wright & A.Miller, Federal Procedure & Practice § 1094, at 511 (2002). By failing to serve Mr. Brown, Chelsea Commons not only failed to serve notice; they failed to effect jurisdiction. Such an error is the plaintiff's burden, and responsibility for the failure rests entirely with Chelsea Commons. <u>Fercenia v. Guiduli</u>, 2003 Vt. 50, at ¶ 12 (mem.).

The question now is what remedy is appropriate. In the intervening time, Chelsea Commons has fully effected service on Mr. Brown notifying him of the claims against him and serving him through the process of Rule 4 to effect jurisdiction. Any prejudice or lack or notice to Mr. Brown would seem to be mended by this restorative action, albeit several months after the 60-day period. Notwithstanding this untimely compliance with the rules, the court is persuaded that merely dismissing the amended complaint and Mr. Brown would have little substantial effect on the nature and substance of this case.

For the remaining defendants, the situation would simply not

change. They would still be subject to the original complaint with its claims as well as the jurisdiction of this court.[3] While Mr. Brown would be temporarily released from the case, a few quick filings by Chelsea Commons would return him and the claims against him. Perhaps most importantly, this is not a situation in which dismissal would trigger a statute of limitations issue, which in turn would make Mr. Brown's removal permanent. Hence, dismissal would only serve to burden the parties with further filings and expenses that would, in the end, only put them back at the same position they currently occupy, namely as plaintiff and defendants with notice and summons served.

As V.R.C.P. Rule 1 counsels, this court will not dismiss an action where the result is merely more filings, delays, and unnecessary expense. As Chelsea Commons correctly notes, Rule 3's dismissal language is permissive. While Chelsea Commons did serve Mr. Brown in an untimely manner and failed to follow the basic rules for serving new parties, its mistake does not spell real prejudice for Mr. Brown and does not warrant dismissal.

Based on the foregoing, Defendants' motion to dismiss is denied.

---

[3] Although Chelsea Investments and G.I.D., Inc. make much of the fact that they have not been served with the amended complaint, there is little substance to this point. As noted before, the amendments do not touch either defendant as they only concern Mr. Brown. Furthermore, neither jurisdiction nor notice are really at stake. The first was sufficiently achieved by the summons accompanying the original complaint, and the second by the motions to amend and the court's order granting leave to amend, of which the defendants have received copies.

Dated at Burlington, Vermont_____, 2005.