v.

**A.K., and Jeffry G. Price, Appellees–Defendants.**

**No. 34A02–0812–CV–1079.**

Court of Appeals of Indiana.

June 30, 2009.

Rehearing Denied Sept. 14, 2009.

Dan J. May, Kokomo, IN, Attorney for Appellant.

Jeffry G. Price, Peru, IN, Attorney for Appellees.

## OPINION

BRADFORD, Judge.

Appellant–Plaintiff K.M.K. ("Mother") appeals the trial court's order granting Appellee Jeffry Price's motion to dismiss. Mother contends that the trial court erred in granting Price's motion to dismiss because she had adequately set forth claims upon which relief can be granted. Specifically, Mother claims that Price's actions violated her civil rights as protected by 42 U.S.C. § 1983 (" § 1983") and that Price and the custody court engaged in a civil conspiracy. Concluding that the trial court did not err in granting Price's motion to dismiss, we affirm.

## FACTS AND PROCEDURAL HISTORY

The following facts are taken from Mother's second amended complaint ("complaint"), which the Court accepts as true for the purposes of Price's motion to dismiss. Mother and A.K. ("Father") are the biological parents of A.M.K. who was born out of wedlock on April 15, 2004. Mother and Father had been married, but they divorced prior to A.M.K.'s birth.[1] Mother had sole legal custody of A.M.K. following his birth. Price, a licensed Indiana attorney, was hired by Father to

---

1. Another child, N.K., was born during Mother and Father's marriage. Father had custody of N.K. at the time the instant matter was initiated.

assist him in establishing paternity and gaining legal custody of A.M.K.

On February 1, 2007, Price filed a verified petition on Father's behalf with the Miami Superior Court ("custody court") seeking to establish Father's paternity of A.M.K. and requesting that the court grant Father temporary custody of A.M.K., who was then residing with Father. Price attached a proposed order establishing paternity and granting Father temporary custody pursuant to the paternity petition. The petition amounted to an *ex parte* communication between Price and the custody court because Price failed to give Mother proper notice of the aforementioned petition. On February 2, 2007, the custody court issued an *ex parte* order granting said petition without granting Mother proper notice of the court's order or an opportunity to present an argument in opposition to Father's petition. The custody court's order did not include any of the certifications required for emergency orders by Indiana Trial Rule 65.

Pursuant to Indiana law, a hearing regarding the emergency custody order was scheduled for April 16, 2007. Price requested a continuance of the April 16, 2007 hearing, which was granted by the custody court. On February 11, 2008, the custody court conducted a hearing regarding the emergency *ex parte* custody order at which time the emergency *ex parte* custody order was set aside and Mother was granted sole custody of A.M.K.

On December 10, 2007, Mother filed suit against Price, claiming that Price had violated her civil rights and that as a result, she was entitled to treble damages. Price filed a motion to dismiss and a request for attorney's fees on February 4, 2008. The

trial court subsequently granted Price's motion to dismiss but denied Price's request for attorney's fees.

On May 14, 2008, Mother filed the instant complaint claiming that Price had engaged in a civil conspiracy with the custody court, that Price, who Mother claimed acted under the color of state law, had violated her civil rights as protected by § 1983, and that Mother was entitled to treble damages. Price again filed a motion to dismiss the claims against him as set forth in Mother's complaint. In support, Price asserted the following: (1) at all times relevant to the instant matter, Price was a private attorney and not a state actor under § 1983; (2) Mother failed to allege that Price "was ever a state actor;" (3) Mother failed to allege any facts to support a finding that Price's actions "may be fairly treated as that of the State itself" or that Price had a "meeting of the minds" with a state official "towards a specific unconstitutional end;" (4) Mother failed to state a claim for relief under § 1983; (5) Indiana law does not recognize an independent cause of action for civil conspiracy; and (6) Mother failed to sufficiently allege a claim for treble damages. Appellant's App. p. 55. Price again requested attorney's fees. The trial court subsequently granted Price's motion to dismiss and scheduled a hearing on Price's request for attorney's fees. This appeal follows.

## DISCUSSION AND DECISION[2]

### I. Standard of Review

In reviewing a motion to dismiss pursuant to Indiana Trial Rule

2. Mother has filed a motion requesting an order prohibiting the trial court from taking actions in derogation of this Court's jurisdiction. Likewise, Price has filed motions to strike Mother's addendum and reply brief and a motion for leave to file an Appellee's Appendix. We deny each of these motions as moot in an order issued simultaneously with this

12(B)(6), our standard of review is well settled. A Trial Rule 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. Therefore, we view the complaint in the light most favorable to the non-moving party, drawing every reasonable inference in favor of this party. In reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. The trial court's grant of the motion to dismiss is proper if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. Furthermore, in determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record.

*Lawson v. First Union Mortgage Co.*, 786 N.E.2d 279, 281 (Ind.Ct.App.2003). Where, as here, the trial court grants a motion to dismiss without reciting the grounds that the court relied upon, it must be presumed on review that the court granted the motion to dismiss on all the grounds in the motion. *Id.*

## II. Whether the Trial Court Erred in Granting Price's Motion to Dismiss

Mother argues that the trial court erred in dismissing her complaint against Price pursuant to Trial Rule 12(B)(6). In response, Price argues that the totality of the facts, circumstances, and allegations asserted by Mother does not, under any circumstances, state claims upon which relief could be granted. We will address each of Mother's claims separately.

decision. We further deny Mother's motion for oral argument in the order issued simulta-

## A. Mother's Federal § 1983 Claim

■ "The purpose of § 1983 is to deter state actors, and private individuals in collaboration with state officials, from using a 'badge of authority' to deprive individuals of rights guaranteed by the Constitution." *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir.1998). In order to bring a valid cause of action under § 1983, "a plaintiff must demonstrate that: (1) the defendant(s) deprived him of a right secured by the Constitution or any law of the United States; and (2) the deprivation of that right resulted from the defendant(s) acting under color of law." *Id.* (citations omitted). "For an individual to act under color of law, there must be evidence of a concerted effort between a state actor and that individual." *Id.* To establish § 1983 liability through a conspiracy theory, a plaintiff must demonstrate that: (1) a state official and private individual(s) reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individual(s) were willing participants in joint activity with the State or its agents. *Id.*

In the instant matter, the success of Mother's § 1983 claim is wholly reliant upon a finding that Price, a private attorney, acted in collaboration with a state official under the color of state law. Mother alleges that Price was jointly engaged with the custody court and was therefore acting under the color of law for the purposes of § 1983. Specifically, Mother claims that Price "solicited the aid, participation, and complicity" of the custody court by "engaging in improper *ex parte* communications, which consummated in a 'meeting of the minds'" between Price and the custody court, resulting in the "unlawful, unethical, and illegal issuance of an *ex*

neously with this decision.

*parte* order." [3] Appellant's App. p. 30. Price allegedly engaged in these *ex parte* communications by filing an emergency petition seeking a transfer of the custody of A.M.K. to Father without Mother having proper notice or the opportunity to oppose the petition. The trial court subsequently issued an *ex parte* order which lacked any of the certifications required by Indiana Trial Rule 65. Mother also claims that, in furtherance of the alleged conspiracy, Price requested a continuance of a subsequent custody hearing, which was granted by the custody court.

We acknowledge and adopt the United States Supreme Court's holding that "merely resorting to the courts and being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." *Dennis v. Sparks,* 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). Here, in her attempt to state a claim for relief under § 1983, Mother's complaint included only the above-mentioned accusations and conclusory allegations that Price engaged in *ex parte* communication with the custody court and that Price conspired with the custody court and influenced its decisions.

Mere allegations of joint action or a conspiracy are not sufficient to demonstrate that the defendant acted under the color of state law, and thus are not sufficient to survive a motion to dismiss. *See Fries,* 146 F.3d at 458. Moreover, we do not believe that an *ex parte* communication which consists of a party filing an *ex parte* petition which is subsequently granted by the court is sufficient, without more, to support an allegation that the party and the court were engaged in a joint action, a concerted effort, or a conspiracy. Additionally, Mother's complaint is unclear as to how Price's conduct of filing an *ex parte* petition before the court allegedly influenced the custody court's disposition of said petition and, as a result, qualified as state action. Because nothing in the complaint demonstrates the existence of any joint action, concerted effort, or even a general understanding between Price and the custody court, Mother has failed to allege that Price acted under the color of state law. Therefore, the trial court did not err in dismissing Mother's federal § 1983 claim on this ground. Further, having concluded that Mother has failed to demonstrate that Price acted under the color of state law, we need not consider Mother's claim that Price did not enjoy judicial immunity from § 1983 liability.

### B. Mother's State Civil Conspiracy Claim

A civil conspiracy is a combination of two or more persons who engage in a concerted action to accomplish an unlawful purpose or to accomplish some lawful purpose by unlawful means. *Boyle v. Anderson Fire Fighters Ass'n. Local 1262, AFL–CIO,* 497 N.E.2d 1073, 1079 (Ind.Ct. App.1986), *trans. denied; Sims v. Beamer,* 757 N.E.2d 1021, 1026 n. 5 (Ind.Ct.App. 2001). In Indiana, there is no separate civil cause of action for conspiracy. *Sims,* 757 N.E.2d at 1026. However, there is a civil cause of action for damages resulting from a conspiracy. *Id.* Allegations of civil conspiracy sound in tort. *Allen v. Great Am. Reserve Ins. Co.,* 766 N.E.2d 1157, 1168 (Ind.2002). "Unlike criminal conspiracy, '[t]he gist of a civil conspiracy is not

---

**3.** We note that disciplinary proceedings were brought against both Price and the custody court judge. Price received a public reprimand by Published Order Approving Statement of Circumstances and Conditional Agreement for Discipline, dated January 20, 2009. The custody court judge in this case received a Public Admonition from the Indiana Commission on Judicial Qualifications.

the unlawful agreement, but the damage resulting from that agreement.' " *Id.* (quoting 16 AM. JUR.2d, *Conspiracy,* § 53 at 279 (1998)). In other words, allegations of a civil conspiracy are just another way of asserting a concerted action in the commission of a tort. *Boyle,* 497 N.E.2d at 1079.

Mother contends that Price and the custody court engaged in a concerted action and came to a "meeting of the minds" during the course of their alleged prohibited *ex parte* communication, which again consisted of Price filing a verified *ex parte* petition for a change of custody of A.M.K. to Father and the custody court subsequently granting said petition. Appellant's App. p. 28. Specifically, Mother claims that Price and the custody court entered into an unlawful civil conspiracy to deprive Mother of her constitutional right to due process and equal protection of the law, her statutory right to sole custody of A.M.K., and her inherent right to care and control A.M.K. Because there is no separate civil cause of action for conspiracy in Indiana, in order to state a claim upon which relief could be granted, Mother must allege a concerted action in the commission of a tort that resulted in damages. *See Allen,* 766 N.E.2d at 1168; *Boyle,* 497 N.E.2d at 1079; *Sims,* 757 N.E.2d at 1026. Mother, however, has failed to allege the commission of any tort by Price.[4]

Again, we reiterate that merely being on the winning side of a lawsuit does not make a party a co-conspirator with the judge. *Dennis,* 449 U.S. at 28, 101 S.Ct. 183; *Fries,* 146 F.3d at 458. Here, Mother presents no facts in support of her claim beyond the aforementioned facts that Price filed an *ex parte* petition requesting the custody change and the custody court subsequently granted said petition. Having stated above that we do not believe that the alleged *ex parte* communication between Price and the custody court, which again consisted of Price filing an ex parte petition which was subsequently granted by the custody court, was, without more, sufficient to support a claim that Price and the custody court were engaged in a joint action, a concerted effort, or a conspiracy, we therefore conclude that even if the facts contained in Mother's complaint are taken as true, the complaint does not state a set of facts upon which Mother could be granted relief. Thus, the trial court properly dismissed the portion of Mother's complaint relating to Mother's civil conspiracy claim.

■ Furthermore, to the extent that Mother's civil conspiracy claim is dependent upon a finding that Price acted under the color of state law, we observe that "[a] 'conspiracy' to violate § 1983 is not a violation of a state statute independent of a § 1983 violation." *City of Warsaw v. Orban,* 884 N.E.2d 262, 269 (Ind.Ct.App. 2007), *trans. denied.* Therefore, Mother's claim must fail in light of our conclusion above that Price, a private attorney, did not act under the color of state law.

### C. Mother's State Statutory Treble Damages Claim

Mother does not appear to challenge the trial court's dismissal of her claim for statutory treble damages on appeal. However, to the extent such a challenge is raised, we conclude that Mother failed to sufficiently allege that Price committed criminal confinement.[5] The trial court, therefore, did not err in this regard.

---

4. While Indiana authority appears to limit successful civil conspiracy claims to actions based in tort, we leave for another day the question of whether one could successfully allege a civil conspiracy in an action that is based upon another legal theory.

5. Indiana Code section 35–42–3–3 (2006) Criminal Confinement states in part as fol-

### III. Whether the Trial Court Implicitly Denied Price's Request for Attorney's Fees When it Granted His Motion to Dismiss

■ Mother additionally claims that the trial court implicitly denied Price's request for attorney's fees in the instant matter when the court entered its order granting Price's motion to dismiss. In support, Mother relies upon *Morton v. Moss*, 694 N.E.2d 1148 (Ind.Ct.App.1998), for the proposition that a trial court's refusal to rule on an unopposed motion indicates that the court has implicitly denied said motion. 694 N.E.2d at 1151.

To the extent that *Morton* may be applicable to the case at hand, we observe that the trial court not only granted Price's motion to dismiss, but it also scheduled a hearing on Price's request for attorney's fees. The trial court's action of scheduling a hearing on Price's motion clearly shows that the trial court did not intend for its October 30, 2008 order granting Price's motion to dismiss Mother's complaint to serve as a denial of Price's counterclaim for attorney's fees. Moreover, the mere fact that this hearing has been stayed pending the outcome of this appeal does not affect the trial court's intent to conduct a hearing regarding Price's request for attorney's fees. Because the trial court has yet to rule on Price's request for attorney's fees relating to Mother's complaint and in light of the trial court's apparent intent to conduct a hearing and make a ruling on such request, we conclude that the trial court's order granting Price's motion to dismiss did not implicitly deny Price's request for said attorney's fees.

■ Furthermore, to the extent that Mother claims that Price's request for at-torney's fees should be barred by collateral estoppel because the trial court denied Price's request for attorney's fees in Mother's first suit against Price, we observe that Price's prior request for attorney's fees was related to a prior matter. We are aware of no authority suggesting that a party is barred from requesting attorney's fees from a litigant in a subsequent matter merely because a request for attorney's fees was denied in a prior matter involving the same litigant. Indiana Code section 34–52–1–1(b) (2007) provides that the trial court may award attorney's fees as part of the cost to the prevailing party, in *any* civil action, if the court finds that either party: "(1) brought the action or defense of a claim or defense that is frivolous, unreasonable, or groundless; (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or (3) litigated the action in bad faith." Quite simply, the statutory language does not even hint at the sort of limitation that Mother suggests. Rather, Indiana Code section 34–52–1–1(b) indicates that a trial court may award attorney's fees to the prevailing party in *any* civil action if the court finds that such an award is necessary or proper under the circumstances.

Here, although Price had filed a previous request for attorney's fees in Mother's first suit against him, Price again filed a counterclaim for attorney's fees relating to the current complaint on July 11, 2008. While the issues presented in Mother's first suit against Price and the instant matter may be similar, the matters are in fact separate legal proceedings involving both Price and Mother. Although we can discern no basis in the record for an award

lows: "(a) a person who knowingly or intentionally: (1) confines another person without the other person's consent; or (2) removes

another person, by fraud, enticement, force, or threat of force, from one place to another; commits criminal confinement."

of attorney fees, in light of the statutory language allowing for attorney's fees in any civil case where the trial court deems such an award to be necessary or proper, we conclude that Price is not barred from requesting attorney's fees in the instant matter.

The judgment of the trial court is affirmed.

CRONE, J., and BROWN, J., concur.