# FOR PUBLICATION

ATTORNEYS FOR APPELLANTS:
Attorneys for Camoplast Croker, LLC
**BRUCE P. CLARK**
**JENNIFER E. DAVIS**
**COURT L. FARRELL**
St. John, Indiana

Attorneys for Seats, Inc.
**JOSHUA B. FLEMING**
**LUCY R. DOLLENS**
**TIMOTHY L. KARNS**
Frost Brown Todd, LLC
Indianapolis, Indiana

Attorneys for the Kelch Corporation
**RYAN L. LEITCH**
**ZACHARY T. LEE**
Riley Bennett & Egloff, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**DANIEL S. CHAMBERLAIN**
Doehrman Chamberlain
Indianapolis, Indiana



FILED
Feb 20 2014, 8:55 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MAGIC CIRCLE CORPORATION, d/b/a DIXIE CHOPPER, THE KELCH CORPORATION, CAMOPLAST CROCKER, LLC, and SEATS, INC., ) ) ) ) ) | |
| Appellants-Defendants, ) | |
| vs. ) | No. 29A02-1303-CT-273 |
| ) | |
| KRIS SCHOOLCRAFT as Personal Representative of the Wrongful Death Estate of Rickie D. Schoolcraft, Deceased, ) ) ) ) | |
| Appellee-Plaintiff. ) | |

## APPEAL FROM THE HAMILTON SUPERIOR COURT
The Honorable William J. Hughes, Judge
Cause No. 29D03-1201-CT-446

**February 20, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Kris Schoolcraft brought a wrongful death action against Magic Circle, and moved to amend the complaint to add new defendants. The trial court granted the motion. On appeal, the new defendants argue the amendments were outside the limitations period. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On May 5, 2010, Rickie Schoolcraft was involved in an accident involving a mower manufactured by Magic Circle. He died three days later. On January 16, 2012, Kris Schoolcraft, as personal representative of Rickie's estate, brought a wrongful death action sounding in products liability and negligence against Magic Circle. On May 4, 2012, the day before the limitations period expired, she moved to amend the claim to add defendants who manufactured parts of the mower, and she submitted to the court an amended complaint and summonses directed to the additional defendants. The motion was file-stamped that day and entered as a public record the following Monday, May 7. The trial court granted the motion to amend on May 15, 2012, and summonses were issued to the new defendants.

The new defendants challenged the amended complaint on limitations grounds by moving to dismiss or for judgment on the pleadings. The trial court denied the motions, determining the "limitation period was tolled at the moment [Schoolcraft] filed [her motion, the proposed amended complaint, and the summonses] on May 4, 2012." (Joint App. of Appellants at 15.)

2

**DISCUSSION AND DECISION**

A motion to dismiss under Indiana Trial Rule 12(B)(6) for failure to state a claim on which relief can be granted tests the legal sufficiency of a claim, not the facts supporting it. *K.M.K. v. A.K.*, 908 N.E.2d 658, 662 (Ind. Ct. App. 2009), *reh'g denied, trans. denied*. Therefore, we view the complaint in the light most favorable to the non-moving party, drawing every reasonable inference in favor of this party. *Id.* In reviewing a ruling on a motion to dismiss, we stand in the shoes of the trial court and must determine if the trial court erred in its application of the law. *Id.* The trial court should grant a motion to dismiss if it is apparent that the facts alleged in the complaint are incapable of supporting relief under any set of circumstances. *Id.* In determining whether any facts will support the claim, we look only to the complaint and may not resort to any other evidence in the record. *Id.*

Our review of a judgment on the pleadings is *de novo. Hispanic Coll. Fund, Inc. v. Nat'l Collegiate Athletic Ass'n*, 826 N.E.2d 652, 655 (Ind. Ct. App. 2005), *trans. denied*. Such a motion tests the sufficiency of the complaint to state a redressable claim and should be granted only when it is clear from the pleadings that the non-moving party cannot in any way succeed under the facts and allegations therein. *Id.* We look solely at the pleadings and accept all well-pleaded facts as true. *Id.* The moving party is deemed to have admitted those facts in favor of the non-moving party, and we will draw all reasonable inferences in the non-moving party's favor. *Id.*

We acknowledge that, when faced with circumstances almost identical to those now before us, a panel of this Court determined an action against a new defendant should have

3

been dismissed. *A.J.'s Auto Sales, Inc. v. Freet*, 725 N.E.2d 955 (Ind. Ct. App. 2000), *reh'g denied, trans. denied.* As explained below, we decline to follow *A.J.'s* and instead believe the rule followed by a majority of state and federal courts should govern situations where a motion to file an amended complaint is brought within the limitations period but not granted by the trial court until after the limitations period has expired.

In *A.J.'s,* the two-year period of limitation under the Deceptive Practices Act expired on May 5, 1997.[1] That day, the Freets moved to amend their complaint to add A.J.'s as a defendant. On May 8, 1997, the trial court conducted a hearing on the motion. A May 8, 1997, entry in the Chronological Summary of Filings and Proceedings states: "By agreement of parties, motion to amend complaint is granted effect [sic] this date." *Id.* at 965. Because A.J.'s was added as a party defendant pursuant to the amended complaint after the limitation period expired, that panel determined the complaint was time-barred unless the amendment related back to the original filing date or unless the filing of the amendment within the statutory period tolled the statute until the court ruled upon the motion.

We noted that under T.R. 15(C), a plaintiff may add an entirely new defendant after the statute of limitations has run only after demonstrating the conditions of the rule governing relation back of amendments have been satisfied. *Id.* The party seeking to add an entirely new party bears the burden of proving the criteria set out in T.R. 15(C). *Id.* Therefore, the Freets could have added A.J.'s as a defendant by an amended complaint effective after May 5

---

[1] The two-year period ended May 3, 1997, fell on a Saturday. Therefore the period was extended to Monday, May 5.

by proving that A.J.'s had, on or before May 5, 1997, received notice of the institution of the action and, but for a mistake, A.J.'s knew or should have known that the action would have been brought against A.J.'s. *Id*. However, before May 5, all contact relative to the Freets' lawsuit was between the Freets and the original defendant. Thus, we determined the Freets did not carry their burden to demonstrate the elements required under T.R. 15(C) for relation back because the facts did not support their claim that A.J.'s received notice of the institution of the Freets' action before the limitations period expired. *Id*. at 965-66.

In the case now before us, as in *A.J.'s*, there is no allegation the new defendants knew or should have known about Schoolcraft's lawsuit or that the new defendants should have known the lawsuit should have been brought against them. It appears all contact prior to the expiration of the limitations period was between Schoolcraft and Magic Circle.

However, we agree with Schoolcraft that we should decline to follow *A.J.'s*. Instead, we choose to follow the rule applied in the majority of state and federal jurisdictions, which was articulated in *The Children's Store v. Cody Enters., Inc.*, 580 A.2d 1206, 1209-11 (Vt. 1990):

> The state and federal courts that have confronted this question have held that an action against a new party, brought in through amendment to a preexisting complaint, is commenced when the motion to amend, and the new complaint, is filed even though permission to make the amendment is given at a later date. *See Mayes v. AT & T Information Systems,* 867 F.2d 1172, 1173 (8th Cir. 1989); *Wallace v. Sherwin Williams Co.,* 720 F.Supp. 158, 159 (D. Kan. 1988); *Gloster v. Pennsylvania R.R.,* 214 F.Supp. 207, 208 (W.D. Pa. 1963); *Moore v. Flower,* 108 Mich. App. 214, 217, 310 N.W.2d 336, 337 (1981), *remanded,* 414 Mich. 897, 898, 323 N.W.2d 6, 6, *on remand,* 121 Mich. App. 235, 237-38, 329 N.W.2d 35, 36 (1982); *Charlton v. M.P. Industries, Inc.,* 314 S.E.2d 416, 419-20 (W.Va. 1984). The rationale is explained in *Gloster v. Pennsylvania R.R.* as follows:

5

> To give sanction to objections to the amendment, that leave to amend must await the actual placement of a judge's signature on an order to amend, would be to lend impracticality and injustice to federal judicial processes and procedure. This case is an example . . . . The Court had need for researching and deliberating upon the law as applied to the facts of the case, and this had to be done while applying time and energy to the many other matters in a busy court. The necessary time so consumed . . . should not and cannot be permitted as an obstacle to justice. Such is the intendment and spirit of the Federal Rules of Civil Procedure.

214 F.Supp. at 208. We concur with the analysis of the court in *Gloster*. If the date of commencement is based on when the court grants the motion to amend rather than when the plaintiff files the motion and proposed complaint, the plaintiff is left with uncertainty over whether the statute of limitation requirements will be met. The matter is out of the hands of the plaintiff and is controlled by the vagaries of the court's workload. The better rule is that the action is commenced when the plaintiff files the motion to amend *and* the proposed complaint irrespective of when the court grants the motion to amend.

Schoolcraft filed her motion to amend and her amended complaint during the limitations period but the trial court did not grant the motion until after the period had expired. If we were to apply the rule from *A.J.'s* to those facts, we "would punish plaintiff and other similarly situated plaintiffs for the court's unavoidable delay in issuing an order granting leave to amend a complaint." *Wallace v. Sherwin Williams Co., Inc.*, 720 F. Supp. 158, 159 (D. Kan. 1988) (holding Wallace's amended complaint was effectively filed when he filed his motion for leave to file an amended complaint). We accordingly decline to follow *A.J.'s* and we instead apply the majority rule[2] articulated in *The Children's Store.* The

---

[2] As we hold pursuant to that rule that an action against new defendants is commenced when the plaintiff files the motion to amend and the proposed complaint, irrespective of when the court grants the motion to amend, we need not address whether Schoolcraft's motion for leave to file an amended complaint related back to the filing of the original or had the effect of tolling the statute of limitations.

6

denial of the new defendants' motions to dismiss or for judgment on the pleadings is therefore affirmed.

Affirmed.

BAILEY, J., and BRADFORD, J., concur.