ATTORNEYS FOR APPELLANT
CAMOPLAST CROCKER, LLC
Bruce P. Clark
Jennifer E. Davis
Court L. Farrell
Bradley P. Clark
St. John, Indiana

ATTORNEYS FOR APPELLANT
THE KELCH CORPORATION
Ryan L. Leitch
Zachary T. Lee
Indianapolis, Indiana

ATTORNEYS FOR APPELLANT
SEATS, INC.
Joshua B. Fleming
Lucy R. Dollens
Timothy L. Karns
Indianapolis, Indiana

ATTORNEYS FOR INTERESTED
PARTY MAGIC CIRCLE
CORPORATION D/B/A
DIXIE CHOPPER
Stephen J. Peters
Timothy J. Hulett
Indianapolis, Indiana

ATTORNEY FOR APPELLEE
Daniel S. Chamberlain
Indianapolis, Indiana

ATTORNEY FOR AMICUS
CURIAE INDIANA TRIAL
LAWYERS ASSOCIATION
Joseph N. Williams
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court



FILED
Jul 21 2014, 11:34 am
CLERK
of the supreme court,
court of appeals and
tax court

No. 29S02-1407-CT-476

CAMOPLAST CROCKER, LLC,
THE KELCH CORPORATION, AND
SEATS, INC.,

*Appellants (Defendants below),*

v.

KRIS SCHOOLCRAFT, AS PERSONAL REPRESENTATIVE
OF THE WRONGFUL DEATH ESTATE OF RICKIE D.
SCHOOLCRAFT, Deceased,

*Appellee (Plaintiff below),*

MAGIC CIRCLE CORPORATION D/B/A
DIXIE CHOPPER,

*Interested Party (Defendant below).*

Appeal from the Hamilton Superior Court, No. 29D03-1201-CT-000446
The Honorable William J. Hughes, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 29A02-1303-CT-273

**Per Curiam.**

The plaintiff sued the original defendant, Magic Circle Corporation d/b/a Dixie Chopper, for wrongful death. Later, on the last day before the applicable two-year limitation period expired, the plaintiff moved to amend the complaint to add new defendants and tendered an amended complaint and summonses for the new defendants. Eleven days later, the trial court granted the plaintiff's motion to amend. The new defendants then moved to dismiss or for judgment on the pleadings and argued the amendment was too late, outside the limitation period. The trial court denied the new defendants' motions and certified its ruling for discretionary interlocutory appeal.

The Court of Appeals affirmed in an opinion authored by Judge May and reported as Magic Circle Corp. v. Schoolcraft, 4 N.E.3d 768 (Ind. Ct. App. 2014). The Court of Appeals held the amendment was timely, deciding not to follow A.J.'s Automotive Sales, Inc. v. Freet, 725 N.E.2d 955, 964-66 (Ind. Ct. App. 2000), *reh'g denied, trans. denied*, which reached a different result under similar facts.

We agree with Judge May's analysis and the result reached by the Court of Appeals in the present appeal. Accordingly, we grant transfer, expressly adopt and incorporate by reference pursuant to Indiana Appellate Rule 58(A)(1) the Court of Appeals opinion in this case, and affirm the trial court.

Dickson, C.J., and Rucker, David, Massa, and Rush, JJ., concur.